ITZIG CO. *v.* FIRST NAT. BANK OF BROADWAY, VA., *et al.*

[91 South. 15.  In Banc.  No. 21878.]

1. SALES.  *Evidence held insufficient to show buyer's assignment of contract for purchase to plaintiff.*

   In an action against the seller in a contract of sale, an allegation in the declaration that the contract had been assigned by the purchaser to the plaintiff is not supported by proof that the goods purchased, when received by the purchaser, had been delivered by the purchaser to the plaintiff on his paying to the purchaser the price thereof.

2. CARRIERS.  *Buyer's transfer of bill of lading to third person held to transfer title but not to assign buyer's contract with seller.*

   The transfer by the purchaser of goods shipped to him by the seller of the bill of lading therefor to a third person, while the goods are in possession of the transportation company, transfers to the third person the title to the goods, but does not operate as an assignment of the purchaser's contract with the seller.

3. SALES.  *Evidence insufficient for submission to jury of whether seller shipped rotten apples or failed to ice car.*

   When a contract for the sale of apples to be shipped by rail to the purchaser obligates the seller to deliver the apples f. o. b. car at point of shipment and to ice the car in which they are shipped, and the apples are rotten when they arrive at their destination, evidence in an action against the seller on the contract that they were sound when shipped, and the car in which they were shipped was iced is not contradicted so as to present an issue of fact for the jury by the opinion of witnesses that, had the apples been sound and the car iced, they would have arrived at their destination in good condition, unless the manner in which the car was handled, and the circumstances surrounding it while in transit, are in evidence and considered by the witnesses in forming their opinions.

APPEAL from circuit court of Washington county.

HON. S. F. DAVIS, Judge.

Action by the Itzig Company against the First National Bank of Broadway, Va., and others.  Judgment for defendants, and plaintiff appeals.  Affirmed.

*E. J. Borgen,* for appellant.

We submit that the title to the property was in appellee until delivery was made. When the vendor delivers goods to the carrier, taking a bill of lading therefor to his own order, this is evidence that he does not part with the title to the goods shipped, but retains the same until the draft which he sends with the bill of lading is accepted or paid; and he is required, to deliver to the consignee goods as ordered. There is overwhelming proof in this case, that the carload of apples when delivered to appellees were spoiled and had to be dumped in the river. *Erwin* v. *Harris,* 13 S. E. 513; *Howell* v. *Home National Bank,* 70 So. 686; *Searles Bros.* v. *Grain Co.,* 80 Miss. 692. The bank buying the bill of lading and draft is bound to comply with all of the terms of the contract between buyer and seller. *Searles Bros.* v. *Grain Co.,* 80 Miss. 692.

Appellee contends that in the case at bar no contractual relations existed between the bank and appellant. We submit that when the bank became the holder or owner of the bill of lading whether by purchase, assignment or otherwise, that the title to the goods passed to it, and that it acquired title to the property in its then condition, and that it was substituted to the same rights and no more than that possessed by the vendees, their assigns, the appellants herein, and in becoming the owner of the goods, and undertaking to deliver it, became responsible for the performance of the contract entered into between the seller and the purchaser, or the assignee of the purchaser. *Searles Bros.* v. *Grain Co.,* 80 Miss. 688.

Certainly, under all of the facts and circumstances of the case, it was for the jury to say whether or not the bank was the owner of the proceeds of the draft, and the peremptory instruction should not have been given. *Searles Bros.* v. *Grain Co.,* 80 Miss. 688, citing *Landa* v. *Lattin,* 19 Texas Civil Appeals, 46 S. W. 48; *Howell* v. *Home Natl. Bank,* 70 So. 696; *Mobile Auto. Co.* v. *Sturgess* N *Co.,* 66 So. 205.

*Bell & White,* for appellee.

The grounds upon which the motion to exclude were based are as follows: 1. The testimony shows no relations whatever, contractual or otherwise, existing between the plaintiff and the defendant and no privity whatever existing between them. 2. The testimony shows no indebtedness owing by the First National Bank of Broadway, Va., to the plaintiff, the Itzig Company, Inc., of any kind whatever. 3. The testimony shows that the draft in this case and the proceeds thereof were the property of the Mutual Cold Storage Company and not of the First National Bank of Broadway Va., but the latter was a mere medium for collecting same. 4. The testimony in the case shows that the apples complained of were sold to Lyle & Lyle by the Jenning's Fruit Company and furnished by the Mutual Cold Storage Company, and were by Lyle & Lyle sold to the Itzig Company. 5. The evidence shows that the car of apples was received by the purchasers, Lyle & Lyle, and by them delivered to their vendees, the Itzig Company. 6. The evidence shows that the contract for the sale of the apples was strictly complied with and that no liability can attach for failure to comply therewith. 7. There is no testimony in the record to show the defective condition of the apples when delivered to the carrier or any defects or failure of packing and icing. 8. Delivery to the carrier constituted delivery to the purchaser, Lyle & Lyle, and if there was determination in route or after arrival at destination, the vendor could not be held therefor and certainly not the First National Bank of Broadway, Va., which was neither the vendor nor the owner of the draft. 9. The evidence shows that Lyle & Lyle, to whom the apples were sold, paid the draft and received the bill of lading, and on the same day delivered the apples to their vendees, the Itzig Company, incorporated; that they assumed ownership, sold it to their customers and thereby accepted the apples and are bound by the rule *caveat emptor,* and for other reasons disclosed by the record.

A casual reading of the record would show that the uncontradicted testimony is that the apples were loaded in good condition, the car properly iced and delivered to the carrier there being no default on the part of the Mutual Cold Storage company whatsoever. However, they are not parties to this suit.

The evidence further shows that the contract for the sale of these apples was strictly complied with and no impeachment of this testimony is in the record. We submit that none of the cases cited by appellant are in point under the circumstances of this case, and we shall cite but few authorities in support of a hornbook proposition. As to there being no mutuality or privity of contract, see 35 Cyc. 50. As to the non-liability of the bank, see 35 Cyc. 55.

The point as to the delivery to the carrier constituting a delivery of goods is decided in *Planters Oil Mill & Mfg. Co.* v. *Falls, et al.,* 29 So. 786, and *Strauss et al.* v. *National Parlor Furniture Co.,* 24 So. 703.

As to the acceptance by Lyle & Lyle, we refer the court to *W. L. Watkins and Company* v. *Guthrie and Company,* 38 So. 370. As to the application of the rule *caveat emptor,* we refer the court to *Willis B. Ottis* v. *Benjamin A. Alderson,* 10 Smedes and Marshall, 476; *William Simmons* v. *Isaac W. Cutrcer,* 12 S. & M. 584; *John F. Long* v. *Aaron Hickingbottom,* 28 Miss. 772; and *John Storm* v. *Lott Smith,* 43 Miss. 497.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a judgment denying the appellant a recovery for the value of a carload of apples shipped by the Mutual Cold Storage Company of Broadway, Va., to Lyle & Lyle, at Greenville, Miss., to whose rights thereto, and against the shipper, the appellant claims to have succeeded; the apples being rotten and unmerchantable when delivered.

The declaration alleges that:

"On the 24th day of March, 1920, the Mutual Cold Storage Company, of Broadway, Va., contracted to sell and

deliver to Lyle & Lyle, merchandise brokers, of Greenville, Miss., a carload of apples, the terms of the sale being C. O. D. draft with bill of lading attached, Greenville, Miss., and that Lyle & Lyle, for value received, and with notice to the Mutual Cold Storage Company, sold, assigned, and transferred its contract of purchase to the plaintiff, and that the Mutual Cold Storage Company shipped said carload of apples, under said contract of sale, and assigned or transferred the bill of lading for said shipment to the First National Bank of Broadway, Va., the defendant in this suit, who thereby became the holder and owner of said bill of lading for said carload of apples and who made draft through its correspondent, the First National Bank of Greenville, Miss., garnishee herein, making the draft payable to the cashier of the First National Bank of Broadway, Va. The draft, with bill of lading attached, was drawn on the firm of Lyle & Lyle," etc.—but was paid by the plaintiff and thereupon the First National Bank of Greenville turned over to it the bill of lading for the apples, upon the presentation of which to the transportation company they were delivered to the plaintiff. When the car was opened the apples were found to be rotten and of no value. The amount sought to be recovered is the amount of the draft paid by the plaintiffs, plus the freight on the apples. The evidence introduced on behalf of the plaintiff is in substance as follows: The plaintiff is a retail fruit dealer, and Lyle & Lyle are merchandise brokers at Greenville, Miss. The Jennings Fruit Company is engaged in the brokerage business at Roanoke, Va., and the Mutual Cold Storage Company is engaged in the wholesale fruit business at Broadway, Va. Lyle & Lyle telegraphed Jennings Fruit Company, at the plaintiff's request, to ship to the plaintiff a carload of apples at a stipulated price. The Jennings Fruit Company placed the order with the Mutual Cold Storage Company, which declined to accept it for the reason that Itzig was not rated, and Lyle & Lyle, upon being so notified, telegraphed the Mutual Cold Storage Company to ship the apples to them. The apples were sold f.

o. b. Broadway, Va., to be properly packed in the car in which they were to be transported, and the car to be properly iced by the Mutual Cold Storage Company, for which a special charge was to be included in the bill to be rendered for the apples. The apples were shipped by the Mutual Cold Storage Company and the bill of lading therefor was attached to a draft drawn by it upon Lyle & Lyle, in favor of J. J. Pennypacker, cashier, for the price of the apples, with direction to deliver the bill of lading to Lyle & Lyle on the payment of the draft. This draft was forwarded for collection by the First National Bank of Broadway, Va., of which Pennypacker is the cashier, to the First National Bank of Greenville, Miss. When the apples arrived at Greenville, Lyle & Lyle were notified, and Nance, its agent, thereupon obtained from the appellant a check for the amount of the draft and turned it over to the First National Bank of Greenville, Miss., and received from it in exchange therefor, the bill of lading for the apples, which, according to Nance's testimony, he delivered to the railroad company with instructions to deliver the apples to the appellant. According to the testimony for the appellant Nance turned the bill of lading over to it, and the appellant then surrendered the bill of lading to the transportation company, paid the freight on, and received the apples.

The draft drawn by the Mutual Cold Storage Company in favor of Pennypacker, cashier, upon Lyle & Lyle was not purchased either by Pennypacker or by his bank, but was deposited with the bank by the Mutual Cold Storage Company for collection only.

The apples, according to the evidence for the appellee, were delivered to the railroad company at Broadway, Va., in good condition, were properly packed in the car, and the car was properly iced. The only evidence in contradiction thereof is that of three witnesses in behalf of the appellant, to the effect that, if the apples had been properly packed and the car properly iced, the apples would have reached their destination in good condition. The car of apples was in transit ten days, but there was no evidence

as to how the car was handled, or of the circumstances and conditions by which it was surrounded while in transit.

Before the money collected by the First National Bank of Greenville, Miss., on the draft drawn by the Mutual Cold Storage Company on Lyle & Lyle was remitted to the First National Bank of Broadway, Va., the appellant sued out an attachment in the court below against the First National Bank of Broadway, Va., to recover from it the money paid for the apples plus the freight thereon, the ground of the attachment being that the bank is a foreign corporation, and suggested that the First National Bank of Greenville be summoned as a garnishee, which was accordingly done.

The attachment issue seems not to have been disposed of, but no point is made thereon, and it must necessarily have resulted in a judgment for the appellant, because the fact is that the First National Bank of Broadway, Va., is a foreign corporation. The case was tried on the declaration hereinbefore referred to, to which the First National Bank of Broadway, Va., filed a plea of the general issue. At the close of the evidence the court below, at the request of the appellee, peremptorily instructed the jury to return a verdict in its favor, and there was a verdict and judgment accordingly.

Among the questions presented to us for decision by this record are: First, whether the allegation of the declaration to the effect that Lyle & Lyle assigned to the appellant the contract by which the Mutual Cold Storage Company agreed to sell and deliver to them a carload of apples is supported by the evidence; second, whether the First National Bank of Broadway, Va., by accepting the draft drawn by the Mutual Cold Storage Company on Lyle & Lyle for the apples with the bill of lading therefor attached, became thereby obligated to fulfill the Cold Storage Company's contract for the sale and delivery of the apples; third, would the evidence have warranted the jury in finding that the Mutual Cold Storage Company violated its agreement either by shipping unsound apples or in not icing the car in which they were shipped?

Assuming, for the sake of the argument, that an assignment by Lyle & Lyle, of their contract with the Mutual Cold Storage Company for the purchase of the apples, would have vested in the assignee the right to recover from the Cold Storage Company for a breach of its agreement to properly pack the apples and ice the car, the evidence here falls short of proving any such assignment to the appellant and discloses, in fact, nothing more than a sale of the apples by Lyle & Lyle to the appellant.

The delivery of the bill of lading to the appellant by Lyle & Lyle, conceding that it was in fact so delivered, at most but vested the appellant with title to the apples, and did not constitute an assignment of Lyle & Lyle's contract with the Cold Storage Company.

Omitting the second question presented for decision of this record as hereinbefore set forth, and coming now to the third, that is, "Would the evidence have warranted the jury in finding that the Mutual Cold Storage Company violated its agreement either by shipping unsound apples or in not icing the car in which they were shipped?" and assuming, for the sake of the argument, that the court below committed no error in admitting in evidence the opinion of witnesses that, if the apples had been sound when shipped and the car in which they were shipped had been properly iced, they would have reached their destination in good condition, that evidence is wholly insufficient to have warranted a finding by the jury either that the apples were unsound when shipped or that the car was not iced. For such an opinion to be of any value the witness must have taken into consideration the manner in which the car was handled and all of the circumstances and conditions which surround it in transit. And, for aught that appears to the contrary in the evidence, the circumstances and conditions surrounding the car while in transit may have brought about the decay of the apples without fault on the part of the shipper.

*Affirmed.*